IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN RIVERA and MARIA GARZA, Individually and on behalf of all similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § | 3:12-CV-00496-P |
| | § | |
| UBM ENTERPRISE, INC., RUBIRA CORPORATION d/b/a UNION BUILDING SERVICE, JIMMY YOUNGHO AN, CHI KWON CHONG, and JAMES DONG YOO, Individually, | § § § § § § | |
| Defendants. | § § | |

## ORDER

Now before the Court is Defendants' Motion to Dismiss, filed April 19, 2012. (Doc. 7.) Plaintiffs filed a Response on May 9, 2012. (Doc. 8.) Defendants filed a Reply on May 16, 2012. (Doc. 9.) After reviewing the parties' briefing, the evidence, and the applicable law, the Court DENIES Defendants' Motion to Dismiss.

### I.  Background

Plaintiffs Juan Rivera and Maria Garza ("Plaintiffs") initiated this action on behalf of themselves and those similarly-situated. Plaintiffs claim to be janitors and cleaning employees of Defendants UBM Enterprise, Inc., Rubira Corporation d/b/a Union Building Service, Jimmy Youngho An, Chi Kwon Chong, and James Dong Yoo ("Defendants"). Plaintiffs allege they regularly worked over forty hours a week, but they were misclassified as exempt employees and therefore, Defendants failed to pay them proper overtime wages as required by the Fair Labor Standards Act ("FLSA").

## II. Legal Standard & Analysis

### A. 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 1949-50 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (*quoting Twombly*, 550 U.S. at 555). Additionally, the factual allegations of complaint must state a plausible claim for relief. *Id.* A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

### B. Individual Claims Under FLSA

Section 207(a) of the FLSA requires that employers pay each employee no less than one and one half times the employee's regular hourly wage if the employee works over a forty-hour work week. Defendants argue that Plaintiffs have failed to plead sufficient facts to allow for a cause of action under the FLSA because Plaintiffs are not specific about their duties, do not allege which Defendant employed which Plaintiff, and generally fail to allege other facts essential to a FLSA claim.

An employer violates § 207 of the FLSA if it fails to pay covered employees at least one and one half times their normal rate for hours worked over 40 hours during the workweek. 29 U.S.C. § 207(a)(1). Plaintiffs allege that they were employed by Defendants to perform general janitorial and cleaning work, that they were misclassified as exempt employees, that they regularly worked more than 40 hours per workweek, and that they were not paid time-and-a-half for those overtime hours. (Pls.' Compl. at ¶¶ 23-24.) A complaint must give the defendant fair notice of what the claim is and the grounds on which it rests. *Hoffman v. Cemex, Inc.*, Civ. Act. No. H-09-3144, 2009 WL 4825224 (S.D. Tex. Dec. 8, 2009). Plaintiffs' allegations satisfy both requirements. The allegations give Defendants notice that the claim is one for unpaid overtime under the FLSA and that it is based on a failure to pay employees time-and-a-half for hours worked in excess of 40 per workweek. "The complaint is not replete with detailed factual allegations, but such details are not required to meet Rule 8(a) in the specific context of FLSA overtime claims." *Cemex*, at *3.

Defendants also argue that Defendants UBM, Jimmy Youngho An, and James Dong Yoo never employed Plaintiffs and therefore, cannot be held liable for any alleged FLSA violations. The FLSA defines "employer" broadly and such definition includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). In addition, "[t]he FLSA's definition of "employer" contemplates the possibility of multiple employers", i.e. an "individual may be the employee of two or more employers at the same time." *Itzep v. Target Corp.*, 543 F. Supp.2d 646, 652 (W.D. Tex. 2008). Plaintiffs allege that "[d]uring the three year period prior to this suit, Defendants have employed individuals as salary-paid janitorial

employees." (Pls.' Compl. at ¶ 25.) The Court finds that the facts set forth in the Complaint are sufficient to set forth a claim as it relates to Defendants' employment of Plaintiffs.

Finally, Defendants allege that Plaintiffs failed to "investigate its claims" against Defendant Jimmy Youngho An and Defendant James Dong Yoo. Defendants argue that those Defendants do not perform the tasks Plaintiffs allege and attempt to challenge Plaintiffs' factual assertions. In a motion to dismiss, the Court's inquiry is not whether Plaintiffs' factual allegations are true, but rather whether Plaintiffs have stated sufficient plausible factual allegations to support a claim. *Vandever LLC v. Intermatic Mfg. Ltd.*, Civ. Act. No. 3:11-CV-201-B, 2011 WL 4346324, at *2 (N.D. Tex. Sept. 16, 2011). By challenging the truth of Plaintiffs' allegations, Defendants are improperly attempting to examine the merits of the claim.

Accordingly, Defendants' Motion is DENIED.

### C. Collective Action

Defendants also argue that Plaintiffs have not pled sufficient facts to allege a collective action. Defendants contend that Plaintiffs do not explain how they are similarly situated to the alleged class or whether Defendants operated under a pattern or common procedure. Plaintiffs need not plead facts to survive a Rule 12(b)(6) motion. "Whether proceeding collectively is appropriate will be addressed when the plaintiffs move for conditional certification and issuance of notice to the class." *Cemex*, 2011, at *4. "If the class is conditionally certified and notice is issued, Defendants may move for decertification, at which point the appropriateness of class certification will be subjected to scrutiny." *Id.*; *see Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 112 (5th Cir. 1995) (citation omitted). Dismissal of the collective-action allegations is not warranted at this stage.

### III. Conclusion

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

Signed this 6th day of August, 2012.

*/s/ Jorge A. Solis*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE