IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN RIVERA and MARIA GARZA, Individually and On Behalf of All Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBM ENTERPRISE, INC., RUBIRA CORPORATION d/b/a UNION BUILDING SERVICE, JIMMY YOUNGHO AN, CHI KWON CHONG, and JAMES DONG YOO, Individually<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:12-cv-0496<br><br><br>Jury Demanded |

## JOINT MOTION FOR ENTRY OF SCHEDULING ORDER AND SUBMISSION OF DETERMINATION OF CASE MANAGEMENT PLAN

This is a putative collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"). Plaintiffs seek damages, on behalf of themselves and other allegedly similarly situated individuals, for alleged violations of the overtime wage provisions of the FLSA. The Court has previously established a notice and opt-in period, and approximately 16 individuals have opted in. The Parties met and conferred on a case management plan and scheduling order in accordance with the Court's Order. The Parties were able to come to an agreement on the proposed Scheduling Order, and that agreement is attached hereto as Exhibit A, and also forwarded to the Court's Orders Inbox. However the Parties have been unable to reach an agreement on the proposed Case Management Plan. Accordingly, the Parties hereby submit this dispute to the Court for determination.

## DISPUTE ON REPRESENTATIVE DISCOVERY AND TESTIMONY

### A. Plaintiffs' Position:

As this is a collective action pursuant to 29 U.S.C. § 216(b), Plaintiffs propose that discovery and testimony proceed on a representative basis. Specifically, Plaintiff proposes that eight (8) individuals be selected at random to serve as representative Plaintiffs for discovery and trial purposes. The testimony of these individuals will be binding on the remainder of the class.

Representative discovery is generally sufficient to give defendants the opportunity to make its case for decertification or summary judgment in an FLSA collective action. *Nelson, v. Am. Std. Inc.*, Nos. 2:07-CV-10, 2:08-CV-390, 2009 WL 4730166, at *3 (E.D. Tex. Dec. 4, 2009) ("The Eastern District of Texas, and specifically this Court, is one of many jurisdictions that has ordered limited, representative discovery of the named plaintiffs and opt-in plaintiffs in FLSA actions."). Representative discovery is consistent with the remedial purposes of the FLSA by allowing workers to pool together their resources and efficiently seek recourse against their employer. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). It is also consistent with the Fifth Circuit's characterization of a collective action as a representative action during discovery: "[i]f the district court conditionally certifies the collective action, putative plaintiffs are given notice and the opportunity to 'opt-in.' *The action proceeds as a representative action throughout discovery.*" *Mooney v. Aramco Services Co.* 54 F.3d 1207, 1214 (5th Cir. 1995) (emphasis added), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91, 123 (2003).

"Numerous other courts also have found that individualized discovery is generally not appropriate in FLSA collective actions and should be limited to a representative sample of the entire group." *Nelson,* 2009 WL 4130166, at *3. "[L]imiting discovery to a statistically

significant representative sampling, at this juncture, will both reasonably minimize the otherwise extraordinary burden imposed on the plaintiffs and their counsel and yet afford the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses." *Smith*, 236 F.R.D. at 356-58. In contrast, individual discovery is a "wasteful [use] of the parties and the court's resources" and "would undermine the purpose of conditionally certifying a collective action and would be unreasonably burdensome." *Cranney v. Carriage Services, Inc.*, No. 2:07-CV-01587, 2008 WL 2457912, at *3 (D. Nev. June 16, 2008); *see also McGrath v. City of Philadelphia*, No. 92-4570, 1994 WL 45162, at *2-3 (E.D. Penn. Feb. 10, 1994) ("individualized discovery" in collective action was "inappropriate"); *Adkins v. Mid-America Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. Aug. 13, 1992) (after collective action certification, "individual depositions and interrogatories are not appropriate"). Plaintiff's respectfully request that the Court Order the Parties to proceed using representative discovery and have attached a proposed Case Management Plan as Exhibit B.

### B. Defendants' Position:

Plaintiffs rely heavily on *Nelson v. American Standard, Inc.* in support of their request for representative discovery. However, in *Nelson*, there were 1,107 opt-in plaintiffs. *Nelson*, 2009 WL 473016, at *1. In addition to the 1,107 opt-in plaintiffs, there were 221 additional individuals whose claims from a related action were consolidated with the *Nelson* collective action for a total of 1,328 plaintiffs. *Id.* In the case at bar, there are, according to Plaintiffs, "approximately 16 individuals." This is roughly 1.2% of the total size of the *Nelson* plaintiffs.

The Eastern District of Texas ruled in *Nelson* that representative discovery was proper given the sheer number of plaintiffs involved. Out of the 1,328 plaintiffs, a sample of 91 "discovery plaintiffs" were chosen. This is a sample group consisting of roughly 6% of all

plaintiffs. According to the Court, "the fundamental precept of statistics and sampling is that meaningful differences among class members can be determined from a sampling of individuals." *Id.* at *6. Here, there are only a ***total*** of "approximately 16" opt-in plaintiffs. Due to the small number of plaintiffs, a random sampling of the group works only to hide the meaningful differences among the collective members and precludes Defendants from discovering material facts. Plaintiffs seek to limit discovery to only eight (8) individuals.

Under 29 U.S.C. 216(b), employees who file a consent to join means that the "employee shall be a party plaintiff." Unlike Federal Rule of Civil Procedure 23 for class actions, there are no absent parties in a collective action such as the present lawsuit. Defendants are entitled to obtain discovery from Plaintiffs regarding nonprivileged matters that are relevant to any existing claims or defenses. Furthermore, without individualized discovery for the "approximately 16" opt-in plaintiffs, Defendants cannot develop the necessary facts to prove that Plaintiffs are not similarly situated.

It is important to note that Plaintiffs do not state or explain with particularity "why" they need representative discovery. Instead, Plaintiffs merely cite to cases where the courts granted representative discovery. The imperative question that Plaintiffs fail to answer is, "why is individualized discovery of approximately 16 opt-in plaintiffs overly oppressive, unduly burdensome or expensive and how would representative discovery minimize these burdens yet still afford Defendants a reasonable opportunity to explore, discover, and establish an evidentiary basis for its defenses?" Again, in *Nelson*, 91 discovery plaintiffs were chosen out of 1,328 total plaintiffs. Here there are only a ***total*** of "approximately 16" opt-in plaintiffs and Plaintiffs seek to preclude Defendants from conducting discovery on half of the plaintiffs.

Plaintiffs go on to cite to *Mooney v. Aramco Services Co.* but, once again, the size of the collective action in that case far exceeds the number of opt-in plaintiffs for the present case. In *Mooney*, 154 plaintiffs sought to proceed on a representative basis. *Mooney*, 54 F.3d at 1207. Plaintiffs also cite to *Hofmann-La Roche Inc. v. Sperling*. In *Hoffman*, there were "over 400" opt-in plaintiffs. This is roughly ten times as many plaintiffs than in the present lawsuit. *See Hofmann-La Roche Inc.*, 493 U.S. at 165. Defendants understand that it is unreasonable and unfeasible to conduct discover on such a large group of plaintiffs and that in such cases, representative discovery is proper. "Approximately 16" opt-in plaintiffs, however, pale in comparison to the number of plaintiffs in the cases which Plaintiffs cite.

In the interest of due process, Defendants respectfully request that the Court order the Parties to proceed using individualized discovery.

## CONCLUSION

Consequently, the Parties move the Court to make a determination on the limited issues presented and enter the Agreed Order accompanying this Motion.

Respectfully Submitted,

*/s/ J. Derek Braziel*
J. Derek Braziel
State Bar No. 00793380
Meredith Mathews
State Bar No. 24055180
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar St. Ste. 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010

**TAILIM SONG LAW FIRM**

*/s/ Tailim Song*
Tailim Song
State Bar No. 00792845
TSong@TailimSong.com
13140 Coit Road, Suite 350
Dallas, Texas 75240
(214) 528-8400 Telephone
(214) 528-8402 Facsimile

**ATTORNEY FOR DEFENDANTS UBM ENTERPRISE, INC., RUBIRA CORPORATION d/b/a UNION BUILDING SERVICE, JIMMY YOUNGHO AN, CHI KWON CHONG, and JAMES DONG YOO**

### CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2014, a copy of the foregoing document was electronically filed. Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

*/s/ J. Derek Braziel*
**J. Derek Braziel**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN RIVERA and MARIA GARZA, Individually and On Behalf of All Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBM ENTERPRISE, INC., RUBIRA CORPORATION d/b/a UNION BUILDING SERVICE, JIMMY YOUNGHO AN, CHI KWON CHONG, and JAMES DONG YOO, Individually<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:12-cv-0496<br><br><br>Jury Demanded |

## SCHEDULING ORDER

The following schedule will govern the deadlines in this case. All deadlines may be altered by agreement of the Parties without the need to move the Court, except the trial deadline and the deadline for pre-trial submissions.

| | | |
|---|---|---|
| 1. | Discovery deadline (all discovery must be served such that the responses and/or the production of documents are due on or before the Discovery Deadline) | November 3, 2014 |
| 2. | Designation of experts by Plaintiffs | September 1, 2014 |
| 3. | Plaintiffs' Expert Report | October 1, 2014 |
| 4. | Designation of Experts by Defendants | September 15, 2014 |
| 5. | Defendants' Expert Report | October 15, 2014 |
| 6. | Designation of Rebuttal Experts and Rebuttal Experts' Report | 21 days after applicable expert report |
| 7. | Mediation Deadline | August 30, 2014 |
| 8. | Dispositive motion deadline (including summary judgment, decertification and *Daubert* Challenges) | December 8, 2014 |
| 9. | Parties to exchange witness lists and exhibit | March 16, 2015 |

|     |     |     |
| --- | --- | --- |
|     | lists |     |
| 10. | Deadline to file Joint Pre-Trial Order, Motions in Limine, Proposed Jury Instructions, Proposed Jury Questions | <u>March 30, 2015; responses, if any, to Motions in Limine, must be filed and served no later than 10 days thereafter</u> |
| 11. | Pre-Trial Conference | <u>April 6, 2015</u> |
| 12. | Trial date | <u>April 13, 2015</u> |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN RIVERA and MARIA GARZA, Individually and On Behalf of All Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBM ENTERPRISE, INC., RUBIRA CORPORATION d/b/a UNION BUILDING SERVICE, JIMMY YOUNGHO AN, CHI KWON CHONG, and JAMES DONG YOO, Individually<br><br>Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 3:12-cv-0496<br><br><br>Jury Demanded |

**PROPOSED CASE MANAGEMENT PLAN**

This is a putative collective action under 29 U.S.C. § 216(b). Plaintiffs seek damages, on behalf of themselves and other similarly situated individuals, for violations of minimum wage and overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("**FLSA**"). The named Plaintiffs are Juan Rivera and Maria Garza (collectively, "**Named Plaintiffs**"). The Court has previously established a notice and opt-in period. Approximately 16 individuals filed their consent forms seeking to opt into this lawsuit (collectively, "**Opt-in Plaintiffs**").

Due to the complexities inherent in litigating FLSA collective actions, the Parties jointly submit this Case Management Plan and Joint Scheduling Order to streamline the litigation. The Court hereby approves the procedures set forth by the Parties and adopts those procedures as follows:

## CASE MANAGEMENT PLAN

I.  **Selection of Discovery and Trial Plaintiffs**

The Parties will use a subset of the current Plaintiffs for purposes of summary judgment, motions for decertification, and for testimony at trial (if necessary) (collectively, the "**Discovery Plaintiffs**"). The Discovery Plaintiffs shall include the Named Plaintiffs and six (6) plaintiffs selected from the Opt-in Plaintiffs. The Party Plaintiffs shall select the Discovery Plaintiffs within forty five (45) days following the entry of this Case Management Plan and Scheduling Order ("**Selection Date**"). Discovery shall commence once the Discovery Plaintiffs are finally identified and all disputes relating to their selection have been resolved.

The Parties may, but are not required, to substitute a new Discovery Plaintiff in the event a previously selected Discovery Plaintiff is unwilling or unable to perform the duties of a Discovery Plaintiff, provided the Parties have time to complete discovery concerning the new individual.

For purposes of liability and damages, the Parties have agreed that the findings of the Court and/or jury as to the Discovery Plaintiffs are sufficient to bind and will be binding on the remainder of the Opt-in Plaintiffs except where the Court otherwise orders and except to the extent more accurate damage information is available (including but not limited to records showing actual compensation earned, compensation paid but not actually earned, and time and attendance records). Findings as to liability and damages, including any calculation of damages as to an individual Opt-in Plaintiff who testifies at trial, will be based on all the evidence introduced through motions for summary judgment, motions for decertification of the conditional class, or at trial. Nothing in this Case Management Order shall be interpreted or applied (1) as a waiver or limitation on any claim or position of Defendants that this case should be decertified

and is not appropriate for a collective action, or (2) to preclude or prevent Defendants from moving for decertification or from arguing at trial or on appeal that this case is not appropriate for a collective action and should not have been certified as such.  However, any arguments at trial or on appeal may not be based on evidence that was not/is not provided to this Court.

## II.     Scope of Discovery and Discovery Limits

The Parties are not required to serve initial disclosures under Rule 26(a)(1).  Beginning 30 days after the Selection Date, and on a rolling basis thereafter, the Parties will provide for each Discovery Plaintiff a copy of all documents, electronically stored information, and tangible things that the Party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment, rebuttal, or foundation.  This includes any documents evidencing or showing Discovery Plaintiffs' payroll information and hours of work (or any documents from which this information can be determined), including sign-in sheets, sign-out sheets, calendars or diaries maintained by Plaintiffs or time records or security records maintained by Defendants; and Plaintiffs' personnel files (to the extent discoverable) and payroll files.  While documents discussed in this section may be produced beginning 30 days after the Selection Date and on a rolling basis thereafter, the production of said documents shall be served no later than ten days before the deposition of the applicable Discovery Plaintiff, assuming the deposition was noticed and scheduled more than 14 days before the date of the deposition.

### A.     Depositions

Plaintiffs anticipate taking the depositions of selected current and former owners and supervisors, current and former co-workers, human resources professionals, experts, and corporate representatives on designated subject matters.

The Parties are restricted to depositions of three hours in length for each of the Discovery Plaintiffs, including the Named Plaintiffs. The Parties are each limited to two hours for depositions of co-workers, supervisors and other individuals with knowledge of relevant facts. Unless otherwise specified herein or agreed to by the Parties, the presumptive time limit under the Federal Rules of Civil Procedure will apply to all other depositions.

The limit on depositions may be expanded by agreement or either Party may move the Court for additional time. The Parties will provide at least 10 days' notice for depositions unless otherwise agreed.

### B.  Written Discovery

The Defendants may issue 25 Interrogatories and 50 Requests for Production to each Discovery Plaintiff. Plaintiffs may issue 25 Interrogatories and 50 Requests for Production to the Defendants related to the Discovery Plaintiffs and the other issues in the case. If the Defendants maintain or have access to compensation data or data that tends to prove or disprove hours worked or other damages for the group of Opt-in Plaintiffs (such as time records), that data may also be requested apart from the above-referenced limits. Discovery to third parties and experts will be governed by the Federal Rules of Civil Procedure.