IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN RIVERA, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:12-cv-496-P |
| | § | |
| UBM ENTERPRISE, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER ON DISPUTE REGARDING
REPRESENTATIVE DISCOVERY AND TESTIMONY**

Plaintiffs and Defendants have submitted a dispute to District Judge Jorge A. Solis in connection with their Joint Case Management Plan and Scheduling Proposal, *see* Dkt. No. 24, and Judge Solis has referred the matter to the undersigned magistrate judge for determination, *see* Dkt. No. 26.

**Background**

Plaintiffs seek to represent an opt-in class of approximately 16 salaried janitors and cleaning employees who claim that they were mis-classified as exempt employees under the Fair Labor Standards Act ("FLSA") and therefore denied proper payment of overtime wages. *See* Dkt. No. 1. Seeking to bring this lawsuit as a collective action under 29 U.S.C. § 216(b), Plaintiffs propose to have discovery and testimony proceed on a representative basis, with eight of the 16 Plaintiffs selected randomly to serve as representative Plaintiffs for discovery and trial purposes. *See* Dkt. No. 24 at 2-3. Defendants object to this request, urging that the Court should order the parties to

proceed using individualized discovery. *See id.* at 3-5.

For the reasons set forth herein, the undersigned determines that individualized discovery is more appropriate at this time.

## Analysis

Under Federal Rule of Civil Procedure 26, the Court may order, upon a showing of good cause, that certain matters not be inquired into or that the scope of discovery be limited to specific matters. *See* FED. R. CIV. P. 26(c)(1)(D). In large or complex litigation, the Court may order limited, representative discovery to protect a party from unduly burdensome discovery requests. *See, e.g.*, *Nelson v. Amer. Standard, Inc.*, Nos. 2:07-cv-10-TJW-CE & 2:08-cv-390-TJW-CE, 2009 WL 4730166, at *3 (E.D. Tex. Dec. 4, 2009); *see also Adkins v. Mid-America Growers, Inc.,* 141 F.R.D. 466, 468-69 (N.D. Ill. 1992) (in FLSA collective action, finding that discovery should be conducted on a class-wide basis, rather than on an individual basis, in light of the "tremendous burden" of such individualized discovery on plaintiffs' counsel).

The FLSA authorizes an action "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts are in general agreement that the certification of a collective action under the FLSA should proceed in two stages. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (noting that "collective actions typically proceed in two stages"); *see generally Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-16 (5th Cir. 1995), *overruling on other grounds recognized by Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 311 n.10 (5th Cir. 2004) (describing the two-step approach but declining to

adopt any of the varying approaches for determining whether employees' claims are sufficiently similar to support maintenance of a representative action); *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011) ("Like several other circuits, this court has never set a legal standard for collective-action certification.").

At the notice stage, the plaintiff must establish that there are other potential class members by providing "substantial allegations" that the potential class members were together victims of a "single decision, policy or plan" that is improper under federal law. *See Clark v. City of Fort Worth*, 800 F. Supp. 2d 776, 779-80 (N.D. Tex. 2011). A plaintiff's burden at this stage is "fairly lenient," and he or she must make only "a modest factual showing" that he or she is similarly situated to the other employees sought to be notified. *Lee v. Metrocare Servs.*, ___ F. Supp. 2d ____, 2013 WL 5863342, at *3 (N.D. Tex. Oct. 30, 2013). At the second, certification stage, the court "determines whether the class should be maintained through trial." *Id.* During this period, the defendant generally moves to decertify the class after discovery is largely complete. *See id.* "The collective action will proceed if the court finds the potential class members similarly situated, but the class will be decertified if discovery fails to adequately identify a pool of claimants that are similarly situated." *Id.* (quoting *Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d 663, 668 (N.D. Tex. 2007) (internal quotation marks omitted)).

The opt-in period has now closed. *See* Dkt. Nos. 18 & 21. Plaintiffs argue that representative discovery should be sufficient at this point to give defendants the opportunity to establish a case for decertification or summary judgment in this FLSA

action. *See* Dkt. No. 24 at 2. They rely heavily on the Eastern District of Texas' order in *Nelson v. American Standard, Inc.*, in which the court held that "limiting discovery in a FLSA action to a relevant sample minimizes the burden imposed on the plaintiffs 'while affording the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses.'" 2009 WL 4730166, at *3 (quoting *Smith v. Lowes Home Ctrs.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006)). Plaintiffs suggest that individualized discovery would be a wasteful use of resources, would undermine the purpose of conditional certification, and would be unreasonably burdensome. *See* Dkt. No. 24 at 3.

However, the undersigned concludes that Plaintiffs have not established that individualized discovery is inappropriate in this case. Lacking firm direction in how to determine whether representative discovery is appropriate in FLSA collective actions, courts typically consider two primary arguments: 1) that the discovery sought is unduly burdensome under Rule 26 and 2) that representative discovery would yield the same results as individualized discovery. *See* Matthew Hoffman, *Fast's Four Factors: A Solution to Similarly Situated Discovery Disputes in FLSA Collection Actions,* 49 HOUS. L. REV. 491, 506-07 (Spring 2012). Here, Plaintiffs do not prove either of these impediments to individualized discovery.

Plaintiffs do not establish that Rule 26 discovery proceeding with 16 plaintiffs would be unduly burdensome or provide any details suggesting that a group of eight plaintiffs would be sufficiently representative. Plaintiffs here cite to a number of cases where district courts have found individualized discovery in FLSA cases to be an undue

burden. However, those cases can be easily distinguished, because each of them

consider opt-in classes of vastly more individuals. For example, in *Nelson*, the Eastern

District of Texas considered a case with 1,328 participants and limited written and oral

discovery to an agreed-upon group of 91 "Discovery Plaintiffs." *Nelson*, 2009 WL

4730166, at \*2. In *Smith v. Lowes Home Centers*, 236 F.R.D. at 356-58, the Southern

District of Ohio denied defendant's request for individualized discovery of more than

1,500 opt-ins and instead ordered discovery from a representative sample of 90

randomly selected individuals from the opt-in plaintiffs. In fact, all of the cases cited

by Plaintiffs dealt with opt-in classes of hundreds of plaintiffs. *See Cranney v. Carriage*

*Servs., Inc.,* No. 2:07-cv-1587-RLH-PAL, 2008 WL 2457912 at \*3-\*5 (D. Nev. June 16,

2008) (limiting individualized discovery to 10% of a relevant combination of workers

and work sites for the 300 opt-in plaintiffs and 2,700 potential class members);

*McGrath v. City of Philadelphia*, No. 92-4570, 1994 WL 45162, at \*2-\*3 (E.D. Penn.

Feb. 10, 1994) (applying representative discovery where over 4,100 present and former

members of the Philadelphia Police Department joined the suit as plaintiffs); *Adkins,*

143 F.R.D. at 174 (finding individual depositions and interrogatories inappropriate

where defendant had received written and oral discovery from more than 80 of the 147

original plaintiffs).

In short, Plaintiffs have not cited any instances in which representative

discovery was applied in a case with so few opt-in plaintiffs and where a "tremendous

burden" on plaintiffs was not established. As Defendants correctly note, Plaintiffs fail

to establish that individualized discovery of approximately 16 opt-in plaintiffs will be

overly oppressive or unduly burdensome or expensive, and Plaintiffs do not suggest how representative discovery would minimize these burdens yet still afford Defendants a reasonable opportunity to explore, discover, and establish an evidentiary basis for its defenses. *See* Dkt. No. 24 at 4.

Insofar as the parties' Joint Case Management Plan and Scheduling Proposal raises the issue of representational testimony, the parties do not provide much, if any, briefing specifically addressing the matter of proceeding with representative testimony at trial. *See* Dkt. No. 24. And Plaintiffs have not made any kind of showing that the testimony of eight "representative" plaintiffs would be "fairly representational" of all of the 16 Plaintiffs in this case. *See generally Albanil v. Coast 2 Coast, Inc.*, 444 F. App'x 788, 806 (5th Cir. 2011). Plaintiffs may be more – or less – able to make such a showing following individualized discovery, assuming the case proceeds on the merits as a collective action.

At least at this stage of the case, insofar as discovery should be individualized, there is no basis to order that the case should proceed through representative testimony when a total of only 16 plaintiffs are at issue. *Compare Roussell*, 441 F. App'x at 227-29 (finding no abuse of discretion in district court's case management plan allowing plaintiffs to proceed with representative testimony by 14 of 55 plaintiffs and to present evidence to the jury regarding a total of 25 plaintiffs). But the undersigned respectfully recommends that the Court may wish to revisit – at a later stage and, again, assuming the case proceeds as a collective action – the issue of whether Plaintiffs may proceed at trial (or at the summary judgment stage) through

representative testimony, after receiving further submissions or arguments from the parties as to whether a subset of testifying plaintiffs would be "fairly representational" of all of the plaintiffs in this case. *See Albanil*, 444 F. App'x at 805-08.

## Conclusion

The undersigned determines that Plaintiffs have not established entitlement to a protective order or any other Rule 26 limitation on the scope of discovery at this time. The undersigned concludes that discovery in this case should proceed as to all 16 Plaintiffs, subject to any further order of the Court as discovery proceeds or at any later stage of the case.

SO ORDERED.

DATED: February 5, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE